**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PRESTON L. SCHOFIELD, KZONIC A. SHOFIELD,**

          **Plaintiffs,**

**-vs-**                                                    **Case No. 6:06-cv-24-Orl-22DAB**

**HARON ENTERPRISES, RON PRUITT, NANCY HARRINGTON,**

          **Defendants.**
_____

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** **January 9, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part, with conditions**.

     Consistent with the District Court's referral (Doc. No. 5), this Court has reviewed the Amended Complaint (Doc. No. 4) in order to determine whether it states a cause of action within this Court's jurisdiction. As previously set forth in the prior Report, upon submitting an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without

payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

Unlike the initial Complaint, which merely alluded to vague housing difficulties, the Amended Complaint appears to set forth a factual and legal basis for the asserted wrong, namely, violation of the Fair Housing Act. Specifically, Plaintiff[1] asserts that he and his family members are "disabled persons within the meaning of the Fair Housing Act" and that he requested "reasonable accommodations" be made to his dwelling but Defendants (who are not alleged to be the owners of the property, but such is implicit in that Plaintiff states he is a "qualified renter at the subject's home") refused to comply with the "reasonable" requests. It is alleged that Defendants refused to allow federal grant monies to be used to make the necessary modifications, which appear to consist of removal of mold and mildew which is aggravating an asthma condition, and lowering and repairing the steps in the front of the home. The Amended Complaint also alleges that Plaintiff and his family "are being given different terms and conditions of his lease because other similarly situated tenants from a comparable class were treated more favorable." Plaintiff asserts that he believes he and his

---

[1] The Court notes that the Amended Complaint is signed only by one Plaintiff, Preston Schofield. As such, the action should proceed solely in his name, save appropriate amendment.

family are being discriminated against "based on race, African-American, familial status (children under the age of 18) and his family's physical and mental disabilities."

The Fair Housing Act ("FHA"), codified at 42 U.S.C. §§ 3601 to 3631, makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Section 3604(b). Moreover, discrimination based on a person's handicap is also prohibited. See 42 U.S.C. §§ 3604(f)(2), 3604(f)(2)(A), 3604(f)(2)(C). "Discrimination" includes " a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises . . ." or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodation may be necessary to afford [a handicapped] person equal opportunity to use and enjoy the dwelling." 42 U.S.C. § 3604(f)(3)(A) and (B). Persons wrongfully denied a reasonable accommodation have recourse in state or federal court. 42 U.S.C. § 3613(a)(1)(A). The provisions of the FHA are to be liberally construed consistent with an obvious remedial intent. Of note, a plaintiff suing under the FHA has no obligation to pursue and exhaust administrative remedies before bringing a federal claim (*see* 42 U.S.C. § 3613), and the FHA includes its own *in forma pauperis* provision, and allows for the appointment of an attorney by the court: "Upon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may--(1) appoint an attorney for such person; or (2) authorize the commencement or continuation of a civil action under subsection (a) of this section without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action." 42 U.S.C.§ 3613(b).

Although many important details are missing from the document, in view of the liberal pleading standard, the remedial purpose of the FHA, and Plaintiff's *pro se* status$^2$, the Court cannot conclude that the action is frivolous. As the Application supports a conclusion that Plaintiff is a pauper$^3$, it is **respectfully recommended** that the motion be **granted,** and the case continue with Preston Schofield as the sole Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

$^2$The Amended Complaint asks the Court to "assign an attorney to assist with this case." In view of the foregoing provisions, the District Court may wish to consider this request. *See Zhu v. Countrywide Realty Co.*, 148 F.Supp.2d 1154, at 1157(D. Kansas 2001) ("Although little case law exists on the appointment of an attorney by the court under 42 U.S.C. § 3613(b), the similar nature of the underlying legal actions and the similar statutory language permitting the appointment of an attorney, the Court finds case law on the appointment of an attorney under 42 U.S.C. § 2000e-5 to be instructive on applying the provisions of 42 U.S.C. § 3613(b). Before counsel may be appointed under 42 U.S.C. § 2000e-5, the plaintiff requesting the appointment of counsel must make "affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).") As there is presently nothing before the Court to indicate a showing of diligence in attempting to secure counsel or that the allegations of discrimination have merit, the Court does not recommend appointment of counsel at this time.

$^3$While Plaintiff does have a regular disability income, the amount is well below that of the poverty standard, and, in view of his declaration that his wife and four children are supported on the modest amount, pauper status is warranted.